**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VICKI PIONTEK,

        Plaintiff,

vs.                                               Case No.  3:08-cv-929-J-34JRK

ENHANCED RECOVERY
CORPORATION,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on two matters:  Plaintiff's Motion to Make Payments on the Filing Fee (Doc. No. 2; "Motion"), filed September 25, 2008, which the Court construes as a Motion for Leave to Proceed In Forma Pauperis; as well as an Order to Show Cause (Doc. No. 7; "Order to Show Cause"), issued November 18, 2008.  Upon review of the file, the undersigned recommends that this case be dismissed for failure to prosecute.

On September 25, 2008, Plaintiff filed a three-count Complaint (Doc. No. 1; "Complaint") in which she asserts that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Count 2).  Plaintiff also seeks relief pursuant to a Pennsylvania State Statute providing a cause of action for unlawful interception, disclosure or use of wire, electronic, or oral communication, 18 Pa. Cons. Stat. § 5725 (Count 1), Pennsylvania's Fair Credit Extension Uniformity Act, 73 Pa. Cons. Stat. § 2270.1 et seq., as

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

well as Pennsylvania's Unfair Sales Act, 73 Pa. Cons. Stat. § 211 et seq. (Count 3).[2] Compl. at 1. Plaintiff asserts Defendant was "attempting to collect on an alleged consumer debt" when the statutory violations occurred. Id. at 9. On October 6, 2008, Plaintiff filed an Amended Complaint (Doc. No. 5), containing the same general allegations.

The same day that Plaintiff filed her Complaint, she filed the Motion, which indicates: Plaintiff has little income; she has a four year old son with special needs limiting her ability to work; and her spouse does not contribute to her litigation costs. See Motion at 1-2. Plaintiff requests that the Court allow her to make payments to satisfy the $350.00 filing fee at the rate of $25.00 per month. See id. at 2. After reviewing the Complaint and Motion and noting that Plaintiff had not provided sufficient information for the Court to assess her financial situation, the undersigned entered an Order (Doc. No. 6; "Order") on October 8, 2008, directing Plaintiff to submit an "affidavit of indigency, along with any other information that may be helpful in making the determination of whether she may proceed without paying the fee or by paying the fee in increments" by November 3, 2008. Order at 1-2. However, Plaintiff failed to comply with this deadline and the Court issued an Order to Show Cause on November 18, 2008, instructing Plaintiff to show cause no later than December 19, 2008 "why Plaintiff's Motion for Leave to Proceed In Forma Pauperis should not be denied and the Complaint dismissed for failure to comply with the Order of October 8, 2008." Order to Show Cause at 1-2. Plaintiff was informed that failure to respond to the Order to Show Cause would result in a recommendation that this action be dismissed for failure to

---

[2] Although Plaintiff cites "73 PS. 201 et. seq." as Pennsylvania's "Consumer Protection Law," Sections 201 to 207 were held unconstitutional in Commonwealth v. Zasloff, 13 A.2d 67, 72 (Pa. 1940), and the Unfair Sales Act replaces those Sections. Accordingly, the Court surmises that Plaintiff is alleging a violation of the Unfair Sales Act.

prosecute. Id. at 2. Plaintiff was also given the opportunity to pay the $350.00 filing fee in lieu of submitting an affidavit. As of this date, Plaintiff has not complied with the Court's Order, responded to the Order to Show Cause, or paid the filing fee.

## **RECOMMENDATION**

Accordingly, it is recommended that this action be **DISMISSED** without prejudice pursuant to Local Rule 3.10(a), United States District Court, Middle District of Florida, for want of prosecution.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 6, 2009.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Party